IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PRIME DEVELOPMENT, INC.,**

**Plaintiff,**

**v.**

**FIRST CLOVER LEAF BANK,**

**Defendant.**                                    **No. 10-445-DRH**

## ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Before the Court is Plaintiff Prime Development, Inc.'s, Motion to Remand (Docs. 6 & 7). Defendant First Clover Leaf Bank has filed a Response to the Motion (Doc. 8) and a Supplement to that Response (Doc. 19).

This matter involves a proposed class action Complaint filed by Plaintiff in the Twentieth Judicial Circuit, St. Clair County, Illinois seeking pre-bankruptcy claims of breach of contract, consumer fraud, and violation of the Illinois Interest Act (Doc. 2, Ex. 1). Plaintiff had previously filed for bankruptcy in the Southern District of Illinois and that Court had granted the Trustee's motion to pursue a claim against Defendant for wrongfully charging interest on promissory notes. On July 14, 2010 Plaintiff sought remand of the case, arguing that this Court was required to remand under the mandatory abstention provision set out in **28 U.S.C. § 1334(c)(2)**. In the alternative, Plaintiff argued that the case should be remanded under the doctrine of

permissive abstention pursuant to **28 U.S.C. § 1334(c)(1) & 1452(b)**. Defendant has filed a Response arguing that this Court has exclusive jurisdiction to hear Plaintiff's Complaint and that Plaintiff is entitled to neither mandatory nor permissive abstention. Based on the following, the Court **GRANTS** Plaintiff's Motion to Remand (Doc. 6).

## II. Discussion

It is fundamental that "federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." ***Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 89 L.Ed.2d 501, 106 S.Ct. 1326 (1986)**. Therefore, the removal statute, **28 U.S.C. § 1441**, is construed narrowly and doubts concerning removal are resolved in favor of remand. ***Does v. Allied-Signal, Inc.*, 1985 F.2d 908, 911 (7th Cir. 1993)**. Defendant bears the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. ***See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997)**.

### A. Bankruptcy Removal

A case may be removed to the district court "if such district court has jurisdiction of such claim or cause of action under **Section 1334** of this title." **28 U.S.C. § 1452(a)**. Defendant removed this case based on the original jurisdiction found under **28 U.S.C. §1334**. **Section 1334(b)** provides that a "district [court]

shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The "arising under" provision describes causes of action created by provisions found in Title 11 while "arising in" relates to those cases which could not exist outside of the bankruptcy proceeding. *In re Repository Tech., Inc.*, **601 F.3d 710, 719 (7th Cir. 2010)**. Seventh Circuit's view of "related to" jurisdiction is narrow and matters are considered "related to" "when the dispute 'affects the amount of property for distribution...or the allocation of property among creditors.'" *Matter of Memorial Estates, Inc.*, **950 F.2d 1364, 1368 (7th Cir. 1991)** (**quoting** *In re Xonics, Inc.*, **813 F.2d 127, 131 (7th Cir. 1987))**. Here, the parties agree that this Court has original jurisdiction as Plaintiff's claims "relate to" the bankruptcy proceeding as a verdict or settlement would affect the amount of property for distribution, although the parties disagree on how closely related that relationship might be.

However, the Court is reluctant to find that this Court has exclusive jurisdiction over Plaintiff's claims as Defendant raises in its Response. While Defendant failed to raise the position in its Notice of Removal, arguing only that the Court had original jurisdiction under **Section 1334** because it was "related to" the bankruptcy proceeding, Defendant now argues that the Court maintains original and exclusive jurisdiction under **28 U.S.C. § 1334(e)**. In support of its proposition, Defendant relies on *Williams v. Sears, Roebuck & Co.*, **244 B.R. 858, 866 (Bankr. S.D. Ga. 2000)**, which found that a District Court has exclusive jurisdiction

under **§ 1334(e)** over all property of a bankruptcy estate, which Defendant argues includes Plaintiff's claims in this case. ***See also United States v. Whiting Pools*, 462 U.S. 198, 204 & n.9 (1983) (finding that causes of action are included as property of the estate)**.

However, numerous other courts disagree with the findings in *Williams*. ***See Blachy v. Butcher*, 221 F.3d 896, 909 (6th Cir. 2000) (finding that bankruptcy court can share jurisdiction with other courts);** *In re Noletto*, **244 B.R. 845 (Bankr. S.D.Ala. 2000);** *Bank United v. Manley*, **273 B.R. 229 (N.D. Ala. 2001)**. Such a finding, as suggested in *Williams*, would render the abstention provisions found in **28 U.S.C. § 1334(c)** uesless. Under a *Williams* view of the statue, the exclusive jurisdiction provision under **Section 1334(e)** would prevent debtor complaints being brought in state court because it would be considered estate property under the exclusive jurisdiction of the district court even though the district court is required to abstain from certain proceedings, even those that may qualify as estate property, under **Section 1334(c)(2)**. As numerous courts have pointed out, this conflict among the sections caused by the interpretation under *Williams* could not be what Congress intended under **28 U.S.C. § 1334**. Accordingly, while the Court finds that it has original jurisdiction under **Section 1334(b)**, it does not have exclusive jurisdiction over the estate's property as Defendant argues.

B.   **Mandatory Abstention**

Plaintiff argues that this case is subject to the mandatory abstention

provisions under **28 U.S.C. § 1334(c)(2)**.  Under **Section 1334(c)(2)**:

> [u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The burden of proving that abstention is appropriate is on the party seeking abstention.  *In re Demert & Dogherty, Inc.*, **271 B.R. 821, 842-43 (Bankr. N.D. Ill. 2001);** *Official Committee of Unsecured Creditors of Wicks Inc. v. Wilson*, **No. 06 C 0869, 2006 WL 1457786, at * 5 (N.D. Ill. 2006);** *Klohr v. Martin & Bayley, Inc.*, **No. 05-CV-456-GPM, 2006 WL 1207141, at *2 (S.D.Ill. 2006)**. Here, Plaintiff has not met its burden on proving that abstention is mandatory in this case.  While Plaintiff's claims are "related to" the bankruptcy case, Plaintiff has not shown that the case can be timely adjudicated in a state forum.  Plaintiff offers no explanation or argument as to this prong of the statute.  Instead, Plaintiff merely states that Defendant has demonstrated no reason why the case can not be "timely adjudicated" in a proper Illinois court.  However, the burden is not on Defendant to prove that the case cannot be timely adjudicated; rather, the burden lies on Plaintiff to demonstrate that the action *can* be timely adjudicated.  In this case, Plaintiff has failed to meet its burden.  Thus, the Court finds that mandatory abstention is not warranted.

### C.     Discretionary Abstention

Plaintiff also argues that this matter should be returned to state court based on this Court's discretionary abstention. **Section 1334** provides that a district court may, after removal, "in the interest of justice, or in the interest of comity with States courts or respect for State law...[abstain] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." **28 U.S.C. § 1334(c)(1)**. **Section 1452(b)** also provides that the district court may, after removal, "remand such claim or cause of action on any equitable ground." **28 U.S.C. § 1452(b)**. Abstention is generally an exception rather than a rule. ***See In re Chicago, Milwaukee, St. Paul, & Pacific Railroad Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993) (citing *Property & Casualty Ins. Ltd. v. Central Nat'l Ins.*, 936 F.2d 319, 320-21 (7th Cir. 1991))**. In determining whether to abstain pursuant to **Section 1334(c)** and **1452(b)**, the Court looks at the following factors:

(1)     the effect or lack thereof an the efficient administration of the estate if a Court recommends abstention,
(2)     the extent to which state law issues predominate over bankruptcy issues,
(3)     the difficulty or unsettled nature of the applicable law,
(4)     the presence of a related proceeding commenced in state court or other nonbankruptcy court,
(5)     the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
(6)     the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
(7)     the substance rather than form of an asserted "core" proceeding,
(8)     the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
(9)     the burden of [the bankruptcy court's] docket,
(10)    the likelihood that the commencement of the proceeding in

>     bankruptcy court involves forum shopping by one of the parties,
> (11) the existence of a right to a jury trial, and
> (12) the presence in the proceeding of nondebtor parties.

***Id.* (quoting *In re Eastport Assoc.*, 935 F.2d 1071, 1075-76 (9th Cir. 1991))**. While the factors should be applied flexibly to the particular facts of each case, unsettled issues of state law is always significant. ***Id.* (citing *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 483, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940))**. However, when cases are removed from state court to federal court on the basis of being "related to" a bankruptcy proceeding, "[t]he use of the Bankruptcy Code to obtain a [federal] forum...not be encouraged" and that "questions of [state] law...be decided by the state courts...rather than by [a federal] court." ***In re United States Brass Corp.*, 110 F.3d 1261, 1265 (7th Cir. 1997)**.

Here, this case presents only issues of state law being brought under the **Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2 *et seq.*,** and the **Illinois Interest Act, 815 ILCS § 205/1 *et seq.*,** as well as common law claims for breach of contract. While Defendant argues that the Illinois Interest Act has been exempted by Federal Law as determined by a recent case from the Northern District of Illinois, ***see Bank of America, N.A. v. Shelbourne Dev. Group., Inc.*, No. 09-C-4963, 2010 WL 3269647 (N.D.Ill. Aug. 18, 2010**), Defendant originally argued that those claims along with the Consumer Fraud claims were time-barred, leaving only the breach of contract claim, a common law issue. Such common law matters are best left to the state court, along with matters of

consumer fraud. Further, this matter will have little effect on the administration of the bankruptcy proceeding as the bankruptcy court is already aware of the case in state court. The proposed class also would include numerous other non-debtor/creditor parties and the state court is already handling a similar class action which dealt with the construal of standardized Notes as those involved in this case which might cause potential inconsistencies if this Court were to also interpret the state statutes and attempt to construe the Notes at issue here. Thus, the Court finds that under the principles of permissive abstention and equitable remand, remand is appropriate.

### III. Conclusion

Accordingly, the Court **GRANTS** Plaintiff's motion to remand (Doc. 6). This matter is **REMANDED** to the Twentieth Judicial Circuit of St. Clair County, Illinois.

**IT IS SO ORDERED.**

Signed this 29th day of November, 2010.

David R. Herndon
2010.11.29
13:04:22 -06'00'

**Chief Judge
United States District Court**